[No. 11872.  Department One.  April 20, 1915.]

MARIA C. STEWART, *by her Guardian R. E. Butler,*
*Respondent,* v. CHARLES B. STEWART *et al.,*
*Appellants.*[1]

APPEAL AND ERROR—REVIEW—AMENDMENT REGARDED AS MADE.  In an action by the guardian of a person of unsound mind to set aside a deed of her separate property to her husband, the failure of the complaint to allege the grantee's knowledge of the grantor's insanity, when not demurred to, will be deemed amended to conform to evidence which indisputably showed knowledge of her mental condition on the grantee's part.

INSANE PERSONS — APPOINTMENT OF GUARDIAN — COLLATERAL ATTACK.  In an action by the guardian of a person of unsound mind to cancel a deed made by her, an attack on the validity of the guardian's appointment, being collateral to the cause in issue, would not be entitled to consideration by the court.

APPEAL AND ERROR—REVIEW—FINDINGS.  Findings of the trial court will not be disturbed, where the evidence, though conflicting, clearly preponderates in favor of the findings.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered November 11, 1913, upon findings in favor of the plaintiff, in an action to set aside deeds, tried to the court.  Affirmed.

*F. L. Stotler,* for appellants.

*T. P. Gose* and *M. O. Pickett,* for respondent.

CROW, J.—This action was commenced by Maria C. Stewart, by R. E. Butler, her guardian, against Charles B. Stewart, Elizabeth Stewart, his wife, and other defendants, to set aside and annul a deed from Maria C. Stewart to Alexander Stewart, for certain lots in Waitsburg, Walla Walla county, Washington, executed on April 21, 1906; and also to set aside and annul a later deed from Alexander Stewart to the defendant Charles B. Stewart, for the same lots, executed on

[1]Reported in 147 Pac. 1157.

September 18, 1912. The second amended complaint, in sub-
stance, alleged that, on March 29, 1913, R. E. Butler had
been duly appointed by the superior court of Walla Walla
county, Washington, as guardian of the person and estate
of Maria C. Stewart, a person of unsound mind, and that he
qualified as such guardian on April 2, 1913; that Maria C.
Stewart is the widow of Alexander Stewart, who died in
December, 1912, in the state of Florida (the evidence shows
that he died in November, 1912); that plaintiff Maria C.
Stewart is now, and for many years last past has been,
owner in her separate right of certain lots in Waitsburg,
Walla Walla county, Washington; that on April 21, 1906,
Alexander Stewart, her husband, sought and obtained from
her, without consideration, a deed for the lots for the purpose
of making them his separate estate; that at the time, she
was of unsound mind and did not understand the deed she
executed; that afterwards, on September 18, 1912, Alex-
ander Stewart, without consideration, by warranty deed, con-
veyed the lots to the defendant Charles B. Stewart, his half
brother, who then well knew that Maria C. Stewart was of
unsound mind and incompetent to execute a deed when she
conveyed the lots to her husband.

Answering this second amended complaint, the defendants
Charles B. Stewart and wife admitted the execution of the
deeds; denied that Maria C. Stewart was of unsound mind
when she conveyed the lots; alleged that she was then of
sound mind, that she executed her deed freely and volun-
tarily, understanding her acts in so doing, and that she re-
ceived a consideration therefor. For a second affirmative de-
fense, they alleged that Maria C. Stewart is, and for several
years has been, a resident of the state of Florida; that prior
to the commencement of this action she had, and now has, a
legally appointed guardian in Florida; that she has no prop-
erty within the jurisdiction of the superior court of Walla
Walla county, Washington; and that if R. E. Butler, who
purports to be her guardian in this state, has been appointed

as such, his appointment is invalid and of no force and effect, for the reason that Maria C. Stewart has no property, and had none at the time of his appointment, within the jurisdiction of the court; that she is a resident of Florida, and that R. E. Butler, as her guardian, has no legal capacity to sue in the superior court of Walla Walla county or any other court of the state of Washington, for or on behalf of Maria C. Stewart.

After hearing the evidence, the trial judge, in substance, found, that long prior to the commencement of this action, Maria C. Stewart acquired the real estate by gift; that the same was her separate property; that on April 21, 1906, her husband Alexander Stewart sought and obtained from her a deed to the lots with the intent and purpose of making them his separate property; that she received no consideration therefor; that the deed was executed by her at a time when she was of unsound mind and had no contracting power; that Alexander Stewart, at the time and for two years prior thereto, well knew her mind was unsound and so decayed that she could not understand the deed which she executed; that afterwards, on September 18, 1912, Alexander Stewart, without consideration, made and executed a warranty deed to Charles B. Stewart for the real estate, and that Charles B. Stewart, then and prior thereto, well knew that Maria C. Stewart, when she signed the deed to her husband, was insane, of unsound mind, and had no contracting power. Upon these findings a decree was entered, cancelling and setting aside the deeds, and quieting title to the lots in Maria C. Stewart. From this decree, the defendants Charles B. Stewart and his wife have appealed.

Appellants' first contention is that the second amended complaint, upon which the cause was tried, does not state a cause of action, their point being that it does not allege that Alexander Stewart, to whom Maria C. Stewart deeded the lots on April 21, 1906, knew she was then insane. The record does not show that any demurrer was interposed by appel-

lants. The second amended complaint alleges that Alexander
Stewart was the husband of Maria C. Stewart, and that she
was insane when the deed was executed. The reasonable in-
ference from these facts would be that he knew of her in-
sanity. Conceding, however, without deciding, that a fur-
ther allegation of knowledge on his part was necessary, the
evidence clearly shows, that he knew her condition; that he
mentioned it to many other persons; that she was under his
personal supervision and care; that her condition was not
one of intermittent insanity, but was one of constantly de-
creasing mentality; that prior to the execution of the deed,
he took her east and consulted eminent specialists on mental
diseases in her behalf, and that when he returned he stated
nothing could be done for her. The proof shows that her
condition was known to him, and the complaint at this time
will be considered amended in accordance with the facts
proven.

Appellants next contend that the trial judge erred in
holding R. E. Butler was qualified as guardian, and in re-
jecting appellants' offer of evidence to show, (1) that
Maria C. Stewart had no property in Walla Walla county,
Washington; (2) that she was not a resident of this state,
and (3) that the respondent Butler had no capacity to sue.
This evidence was offered in support of appellant's second
affirmative defense above mentioned. The trial court proper-
ly held that the attack thus made on the appointment and
authority of R. E. Butler as guardian was collateral. The
record shows that another proceeding had been commenced
to directly attack and vacate the appointment of R. E. But-
ler as guardian, for the identical reasons herein pleaded.
While is it not disclosed by this record, we may say that, on
a trial of that proceeding, the application to vacate the ap-
pointment was dismissed, and we have this day affirmed that
judgment in *In re Stewart, ante* p. 190, 147 Pac. 1153.
On the authority of *In re Sall,* 59 Wash. 539, 110 Pac.
32, 626, 140 Am. St. 885, we there held, and we now

hold, that the court had jurisdiction to appoint R. E. Butler, as guardian; that he has capacity to sue in this action, and that the superior court of Walla Walla county acted within its jurisdiction in making his appointment.

Appellants' remaining contentions all go to the proposition that the trial judge erred in its findings, that Maria C. Stewart was insane when she executed the deed to her husband; that her husband knew she was insane; and that the appellant Charles B. Stewart knew she was insane when she conveyed the lots. Without repeating the evidence, which we have carefully examined, we state our conclusion that, although some conflict is disclosed, it clearly preponderates in respondents' favor, and sustains the findings made. As to the knowledge of Charles B. Stewart, it is shown that he visited Alexander Stewart and Maria C. Stewart, his wife, at different times; that they visited him in Idaho, and that he had ample opportunity for observing her incompetent and insane condition, which is clearly shown by the evidence and must have been apparent to him. Although he denied knowledge of her condition, his credibility was for the court. He was an interested party. It is manifest that the trial judge refused to credit his statements, and we are satisfied that he was justified in so doing. It may be further remarked that Charles B. Stewart was not a purchaser for value or in good faith. The deed to him, which is in evidence, recites a consideration of one dollar, and no evidence was introduced to show that any other or further consideration was paid by him.

The judgment is affirmed.

CHADWICK, PARKER, MAIN, and ELLIS, JJ., concur.